Appeal of FRED J. HUGHES.                Docket No. 1230.

> In 1920 a private stock of liquors owned by the taxpayer, who was not engaged in the buying and selling of liquor,. was seized by police officers of the District of Columbia. The taxpayer sued out a writ of replevin and regained possession in 1921 of such portion of the liquors as had not been destroyed. *Held*, that the taxpayer is not entitled to deduct from gross income of 1920 expenses of litigation paid during that year for the recovery of the liquors or an estimated amount for the .value of the liquors not returned to him in 1921.

Submitted March 18, 1925; decided April 6, 1925.

*Jerome F. Barnard, Esq.*, for the taxpayer.
*Willis D. Nance, Esq.*, for the Commissioner.

Before LANSDON, LITTLETON, and SMITH.

This appeal is from a deficiency in income tax for the year 1920 in the amount of $940.55. Only a part of this deficiency is in dispute. From a stipulation of facts filed and from exhibits introduced in evidence by the taxpayer the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a resident of the District of Columbia.
2. He filed his income-tax return for the year 1920 upon a cash receipts and disbursements basis.
3. During the year 1920 a certain private stock of liquors of the taxpayer was seized by police officers of the District of Columbia and internal revenue officers of the United States.
4. The taxpayer was not engaged in the liquor business or in the business of buying or selling liquors.
5. In 1920 he sued out a writ of replevin in the Supreme Court of the District of Columbia seeking the return of the stock of liquors thus seized.
6. The lower court held against the taxpayer and he appealed the case to the Court of Appeals of the District of Columbia. On January 3, 1921, that court handed down a decision in the case of *Hughes* v. *Falvey et al.*, 269 Fed. 865, in which decision the court held that the appellees (revenue officers), might retain a small quantity, say a quart, but that the rest of the liquors should be returned to Hughes.
7. In the process of carrying on litigation in the lower court and the Court of Appeals the taxpayer advanced for marshal's costs the sum of $835.90, which costs of the marshal were allocated as follows:

| | |
|---|---:|
| Storage charges | $675.13 |
| C. G. Sloan & Co | 10.00 |
| Insurance | 144.27 |
| Marshal's costs | 6.50 |
| | 835.90 |

8. Of the amount deposited by the taxpayer with the Clerk of the Supreme Court of the District of Columbia for costs in connection with this litigation, $46.15 was for Supreme Court costs and $43.10

for Court of Appeals costs, of which total of $89.25 the taxpayer has a judgment against the defendants for $54.40.

9. The taxpayer was required to give a bond or bonds in connection with the above-mentioned litigation and he expended the sum of $1,300 as a premium for said bond or bonds.

10. During the year 1921, in accordance with the decision of the Court of Appeals above mentioned, the stock of liquors was returned to the taxpayer and the marshal's return bears the following notation:

192 cases containing 2000 quarts and 501 pints said to contain whiskey and 2 missing pints and evidence of 30 broken quarts and 1 broken pint; also 5 empty cases.

11. In his income-tax return for 1920 the taxpayer deducted from gross income $7,735.90, which included:

Storage and other costs_____ $810. 90
Premium on bond and court expenses_____ 1, 375. 00
Attorney's fees _____ 4, 550. 00
Theft of property (estimated value) _____ 1, 000. 00

                                                      7, 035. 90

The taxpayer waives his claim to a right to deduct attorney's fees in the amount of $4,550.

12. The taxpayer estimates the value of that part of the stock of liquors which he did not receive back in 1921 at $1,000.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

SMITH: This appeal raises the question of the right of an individual to deduct from gross income in his income-tax return for 1920 an amount spent by him in regaining possession of a private stock of liquors seized by police officers and an estimated amount representing a loss in respect of liquors not returned to him upon the order of the court in 1921.

With respect to the right of the taxpayer to deduct an estimated loss of $1,000 in connection with liquors not returned to him in 1921, counsel for the Commissioner moved at the hearing that the claim for the deduction of the $1,000 be peremptorily denied inasmuch as in no case was it a loss which was sustained by the taxpayer in the year 1920, the position of the Commissioner being that the taxpayer knew nothing of the loss at December 31, 1920, and therefore that the claimed loss discovered in 1921 was not a legal deduction from gross income in 1920.

No evidence is before this Board with respect to the exact amount of liquors seized by the police officers in 1920, nor as to the exact amount of the liquors seized but not returned to him. From the notation made by the United States Marshal upon the marshal's return, it may be assumed that a portion of the liquors seized was not returned to the taxpayer but what the amount was the Board is unable to determine. It is also unable to determine, by reason of lack of evidence, the cost to the taxpayer of the liquors. It is

also unable to determine whether the loss was actually sustained in 1920 or in 1921. The motion of the Commissioner is granted.

The Revenue Act of 1918, under the provisions of which the taxpayer made his income-tax return for 1920, permits an individual taxpayer to deduct from gross income in his income-tax return·

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business   *   *   *.   Section 214(a)(1).

It also permits the deduction from gross income of—

(6) Losses sustained during the taxable year of property not connected with the trade or business (but in the case of a nonresident alien individual only property within the United States) if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise.   Section 214(a)(6).

The evidence is clear that the taxpayer was not engaged in the liquor business or in the buying or selling of liquors. The amounts paid for court costs were clearly not a deduction from gross income as ordinary and necessary expenses· At the hearing counsel for the taxpayer argued that storage charges for the liquor and court costs were a legal deduction from gross income under the provisions of the taxing act which permits the deduction from gross income of losses sustained from a casualty. Section 214(a)(6) of the Revenue Act of 1918. We do not think that the storage charges and court costs are deductible from gross income as a loss from a casualty similar to "fires, storms, shipwreck," and the rule of ejusdem generis is applicable here. In order that a loss sustained by an individual may be deductible from gross income as a casualty under this provision of law it must be made to appear that the casualty was of a similar character to a fire, storm, or a shipwreck. We do not discover such a similarity in the case at bar. The seizure by police officers and revenue agents of the taxpayer's private stock of liquors was not such a casualty as is contemplated by section 214(a)(6) of the Revenue Act of 1918. Furthermore, it is to be noted that the payment by the taxpayer of the storage charges and court costs and the premium upon the bond, was purely voluntary upon his part. Although we may assume that it was to the taxpayer's interest to protect his right to the possession of the private stock of liquors, the expenditure of the money for the storage charges, etc., was purely a personal expense.