**SHEARER v. ANDERSON, Collector of Internal Revenue.**

(Circuit Court of Appeals, Second Circuit. January 10, 1927.)

No. 128.

1. Internal revenue ⊜7(19)—Deduction from gross income of damage from wreck of automobile on icy road held authorized, as loss from "other casualty," analogous to shipwreck (Revenue Act 1918, § 214a [6], being Comp. St. § 6336⅛g).

Within Revenue Act 1918, § 214a (6), being Comp. St. § 6336⅛g, allowing deduction from gross income of losses of property from "fires, storms, shipwrecks, or other casualty," damage from wreck of automobile overturning on icy road is one from "other casualty," analogous to shipwreck.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Other].

2. Internal revenue ⊜4—Departmental interpretation of clause in Revenue Act has no retroactive effect.

A departmental interpretation of a clause in Revenue Act cannot operate retroactively.

In Error to the District Court of the United States for the Southern District of New York.

Action by George L. Shearer against Charles W. Anderson, Collector of Internal Revenue. Judgment for defendant on the pleadings (13 F.[2d] 258), and plaintiff brings error. Reversed.

Stewart & Shearer, of New York City (Harry J. Campaign and George L. Shearer, both of New York City, of counsel), for plaintiff in error.

Emory R. Buckner, U. S. Atty., of New York City (Charles Lincoln Sylvester, Asst. U. S. Atty., of New York City, and Mark Hanna Adams, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for defendant in error.

Before HOUGH, HAND, and MACK, Circuit Judges.

MACK, Circuit Judge. [1] Under section 214a (6) of the Revenue Act of 1918, in computing net income there are allowed as deductions "losses sustained during the taxable year of property not connected with the trade or business, * * * if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise." Comp. St. § 6336⅛g. The loss of $1,252 in question here is charged to have been sustained in an expenditure to repair the damage done to plaintiff's automobile by its overturning while "in the unlawful and unauthorized possession of plaintiff's chauffeur." It is charged that the loss by this "casualty originated in the theft and unauthorized use of plaintiff's automobile, which constituted larceny under the laws of New York, and the overturning of said automobile was caused by the icy condition of the road resulting from storms and freezing." The complaint sought recovery of $300.48 taxes paid because of the disallowance of this deduction; judgment on the pleadings was rendered on defendant's motion, on the ground that no cause of action was set forth. The only question before us is whether the phrase "other casualty" in the act covers this case.

Plaintiff contends that under U. S. v. Mescall, 215 U. S. 26, 30 S. Ct. 19, 54 L. Ed. 77, the rule of ejusdem generis is not applicable in the construction of this section of the act, because the words "other casualty" were not in the original act of 1913, or in the acts of 1867, 1870, and 1894, but were inserted after "shipwreck" for the first time in the act of 1916 (39 Stat. 756). We find it unnecessary, however, to determine whether, in and of itself, this would suffice to obviate the application of the doctrine, and thus to give the deduction in every case of damage due to any casualty; that is, to any serious accident or disaster, due to causes external to the owner, because in our judgment an automobile wreck may be, and under this complaint was, a casualty in closest analogy to a shipwreck, a casualty clearly ejusdem generis.

Officials of the Bureau of Internal Revenue, however, in construing a like statutory provision in the act of 1918 and later acts, have held that "other casualty" must be some act of nature analogous to storms or fire due to natural causes, and not to some casualty due to negligent collisions, even though such a casualty may be analogous to some kinds of shipwreck.

[2] Whatever the effect of the departmental interpretation of the later act of 1918 may be on the construction of the same clause re-enacted by still later legislation, it cannot operate retroactively; we are here concerned with rights under the act of 1916. The later views of the department as to the meaning of this act can be at the best but persuasive.

We find no basis, however, in the words or history of the act for such a limitation; on the contrary, as "casualty" expresses rather the result than the cause of the damage, that is, the wreck itself rather than the lightning, storm, or the negligence or fault of some person, so the "other casualty" is at least as clearly ejusdem generis with shipwreck as with fire or storm.

Shipwreck does not mean complete loss; damage to the ship suffices. Nor need such damage be caused by storms or other natural causes; the word is without limitation; a wreck through collision, whether due to the wrong or negligence of the other vessel or of the employee of the wrecked ship, is a shipwreck within the act. Furthermore the ship may be a pleasure yacht, in no way connected with a trade or business.

An automobile used for recreation and convenience would seem to be most closely analogous to a pleasure yacht. As Congress has made damages due to a wreck of the latter a deductible loss, the act should be construed to show an intent to cover a wreck to the former, similarly caused, inasmuch as such a construction can fairly and reasonably be given thereto.

Whether the complaint be interpreted as charging the loss to be due proximately to the overturning caused by the faulty driv-

ing of the chauffeur over an icy road, or to subsequent freezing of the motor, in any event, it is alleged to be due to a casualty, analogous to a shipwreck, not caused by the willful act or neglect of the owner, or of one acting in his behalf. We conclude that such a loss is deductible.

Judgment reversed.