## W. S. BRONSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20527.   Promulgated December 29, 1927.

*William T. Black, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

SMITH: Section 214(a) (6) of the Revenue Act of 1924 provides:

Losses sustained during the taxable year. of property not connected with the trade or business (but in the case of a nonresident alien individual only property within the United States) if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise. The basis for determining the amount of the deduction under this paragraph, or paragraph (4) or (5), shall be the same as is provided in section 204 for determining the gain or loss from the sale or other disposition of property.

Petitioner insists that the loss resulting from damage to his automobile while being driven by his daughter on a pleasure trip is deductible from gross income in his income-tax return for 1924, under the above-quoted provision of the taxing act. He relies in support of this contention upon the opinion of the Circuit Court of Appeals, Second Circuit, in *Shearer* v. *Anderson*, 16 Fed. (2d) 995.

The Board has had occasion to consider a number of similar cases. In *Clinton Graham*, 1 B. T. A. 775, the claim of the petitioner to deduct the loss from gross income was denied but no opinion stating the grounds for the denial was written. In *Fred J. Hughes*, 1 B. T. A. 944, the question before the Board was the right of the petitioner to deduct from gross income in 1920 certain expenses of litigation paid during that year for the recovery of liquors seized by police officers or an estimated amount for the value of the liquor not returned to him in 1921. We stated:

At the hearing counsel for the taxpayer argued that storage charges for the liquor and court costs were a legal deduction from gross income under the provisions of the taxing act which permits the deduction from gross income of losses sustained from a casualty. Section 214 (a) (6) of the Revenue Act

of 1918. We do not think that the storage charges and court costs are deductible from gross income as a loss from a casualty similar to "fires, storms, shipwreck," and the rule of *ejusdem generis* is applicable here. In order that a loss sustained by an individual may be deductible from gross income as a casualty under this provision of law it must be made to appear that the casualty was of a similar character to a fire, storm, or a shipwreck. We do not discover such a similarity in the case at bar. The seizure by police officers and revenue agents of the taxpayer's private stock of liquors was not such a casualty as is contemplated by section 214 (a) (6) of the Revenue Act of 1918. Furthermore, it is to be noted that the payment by the taxpayer of the storage charges and court costs, and the premium upon the bond, was purely voluntary upon his part, although we may assume that it was to the taxpayer's interest to protect his right to the possession of the private stock of liquors, the expenditure of the money for the storage charges, etc., was purely a personal expense.

In *Charles N. Burch*, 4 B. T. A. 604, a claim for the destruction of an automobile similar to the claim made by the petitioner at bar was disallowed upon the basis of the decisions of the Board in *Clinton Graham, supra*, and *Fred J. Hughes, supra*. The *Graham* and the *Burch* decisions are not in line with the decision of the Circuit Court of Appeals, Second Circuit, in *Shearer* v. *Anderson, supra*, which we now regard as correctly construing the statute. Upon the authority of that decision the claim of the petitioner is sustained.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

LITTLETON, TRAMMELL, and MORRIS dissent.