DANIEL F. EBBERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18989.   Promulgated January 18, 1928.

*Daniel F. Ebbert* pro se.
*A. H. Murray, Esq.*, for the respondent.

OPINION.

MURDOCK: Section 214 (a) (6) of the Revenue Act of 1924, reads as follows:

SEC. 214. (a) In computing net income there shall be allowed as deductions:
(6) Losses sustained during the taxable year of property not connected with the trade or business * * * if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise. The basis for determining the amount of the deduction under this paragraph, * * * shall be the same as is provided in section 204 for determining the gain or loss from the sale or other disposition of property.

Section 204 (b) of the Revenue Act of 1924, provides as follows:

(b) The basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be (A) the cost of such property * * * or (B) the fair market value of such property as of March 1, 1913, whichever is greater. * * *

The cause of the damage to the petitioner's property in this case did not arise from an " other casualty " within the contemplation of that term as used in the above section of the Act. The Board has held that in construing the words " other casualty " the rule of *ejusdem generis* is applicable, and in order that a loss sustained by an individual, resulting from an " other casualty " may be deductible from gross income under this provision of the Act, it must appear that the casualty was of a similar character to a fire, storm, or shipwreck. See *Appeal of Fred J. Hughes*, 1 B. T. A. 944.

Further construing this section of the Act, we think the language of the Board in the case of *Samuel Greenbaum* v. *Commissioner*, 8 B. T. A. 75, is controlling herein. It was there stated as follows:

There is a clear distinction between an expense of maintenance and repair, whether arising through ordinary wear and tear or through extraordinary damage, and a loss of the property itself. * * *
It is plain from the language of section 214 (a) (6) that the losses contemplated are losses of the property itself and not the cost of repair or replacement; for the measure of the loss is either the cost of the property or its value on March 1, 1913, if acquired prior thereto. This is inconsistent with the idea that the loss is to be either measured or characterized by the cost of repair or replacement. * * *

In the present case, even if the petitioner were correct in theory he would necessarily fail because there is no evidence either of cost or of the March 1, 1913, value of the property damaged.

*Judgment will be entered for the respondent.*