## FERGUSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 606.

Circuit Court of Appeals, Tenth Circuit.

June 30, 1932.

Glenn Porter, of Wichita, Kan. (H. W. Hart, Enos E. Hook, and W. G. McDonald, all of Wichita, Kan., on the brief), for petitioner.

A. H. Conner, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., and C. M. Charest, Gen. Counsel, and Elden McFarland, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals. The material facts, which were stipulated before the Board, are these:

In 1923 petitioner was the owner of 1,690 acres of land in Woodward County, Oklahoma. In that year such land was damaged by floods. The cost of the land was $38,280.67. The fair market value thereof immediately after the floods, due to such damage, was reduced to $5,130.

In 1923 petitioner was also the owner of 200 acres of land in Sumner County, Kansas. In that year such land was damaged by floods. The cost of the land was $7,661.40. The fair market value thereof immediately after the floods, due to such damage, was reduced to $1,000.

The fair market value of such portions of such lands as were acquired by petitioner before March 1, 1913, was the same on that date as the original cost, and the fair market

value of both tracts of land immediately before the floods was in excess of their cost.

The stipulation did not cover the question of compensation by insurance.

In his income tax return for 1923 petitioner claimed a deductible loss, on account of such flood damages, under section 214 (a) of the Revenue Act of 1921 (42 Stat. 227, 239, 240), which in part reads as follows: "That in computing net income there shall be allowed as deductions: * * * (6) Losses sustained during the taxable year of property not connected with the trade or business * * *. if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise. * * * In case of losses arising from destruction of or damage to property, where the property so destroyed or damaged was acquired before March 1, 1913, the deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913." The Commissioner disallowed such deduction on the ground that the land had not been sold by petitioner and for that reason there had not been a closed transaction. The majority opinion of the Board sustained the Commissioner's ruling on the ground that the flood damages caused a mere diminution in the value of the land and there would not be a closed transaction until petitioner had sold such land. 23 B. T. A. 364.

The question of compensation by insurance was not put directly in issue by the pleadings before the Board, was not made the basis of the ruling by the Commissioner or the decision of the Board, and the Commissioner and the Board apparently assumed that petitioner's loss had not been compensated for by insurance.

Counsel for the Commissioner seek to sustain the decision of the Board solely on the ground that petitioner failed to allege and prove that the flood damages were not compensated for by insurance or otherwise.

In Whipple v. United States (D. C. Mass.) 25 F.(2d) 520, the court held that damage to shade and ornamental trees from storm was a deductible loss. In Shearer v. Anderson (C. C. A. 2) 16 F.(2d) 995, 51 A. L. R. 534, the court held that damage resulting to an automobile from the wrecking thereof on an ice covered road was a deductible loss. In each of these cases there had been no sale of the property involved and there was a physical injury to, rather than a total destruction of such property. The language of the statute is, "losses arising from destruction of or damage to property." Loss from damage occasioned by physical injury seems to be clearly within its purview. The Supreme Court so construed identical language in the 1918 act in United States v. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 600, 71 L. Ed. 1120, where it said:

"The statute obviously does not contemplate and the regulations (article 144) forbid the deduction of losses resulting from the mere fluctuation in value of property owned by the taxpayer. New York Ins. Co. v. Edwards, 271 U. S. 109, 116, 46 S. Ct. 436, 70 L. Ed. 859; cf. Miles v. Safe Deposit Co., 259 U. S. 247, 42 S. Ct. 483, 66 L. Ed. 923. But with equal certainty they do contemplate the deduction from gross income of losses, which are fixed by identifiable events, such as the sale of property (articles 141, 144), or caused by its destruction or *physical injury* (articles 141, 142, 143), or, in the case of debts, by the occurrence of such events as prevent their collection (article 151)." (Italics ours.)

We are of the opinion that there was a closed transaction. There was a physical injury resulting in a completed loss, the amount of which under the stipulated facts was readily ascertainable. Orono Pulp & Paper Co. v. United States (D. C. Me.) 34 F.(2d) 714, 717.

It is our conclusion that the loss was deductible if it was not compensated for by insurance or otherwise.

Although insurance against loss from damage by floods to improvements on lands is written generally, insurance against loss from damage by floods to land itself seems to be unknown in Kansas and Oklahoma. We feel certain that petitioner's loss was not compensated for by insurance, yet we doubt that we can take judicial notice of that fact; and conclude petitioner should have pleaded and proved it. However, since in the prior proceedings the parties apparently assumed that the loss was not compensated for and the Commissioner raises the question here for the first time, we are of the opinion that the case should be remanded to the Board with instructions to take evidence on the question of whether the loss was compensated for, and, if the Board finds it was not, to direct the allowance of the deduction.

It is so ordered.