Edgar F. Stevens and Helen G. Stevens v. Commissioner.
Stevens v. Commissioner
Docket No. 12338.
United States Tax Court
1947 Tax Ct. Memo LEXIS 148; 6 T.C.M. (CCH) 805; T.C.M. (RIA) 47191; July 8, 1947
*148 Walter S. Alt, Esq., 315 N. Twelfth Blvd., St. Louis, Mo., for the petitioners. Frank M. Cavanaugh, Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: The respondent has determined a deficiency in petitioners' income tax for 1944 in the amount of $159.46. The deficiency results principally from the disallowance of a claimed deduction of $212.59 resulting from the loss of a finger ring. The facts are stipulated and we adopt the stipulation as our findings of fact. [The Facts] The petitioners are husband and wife residing at Webster Groves, Missouri. They filed a joint return for 1944 with the collector of internal revenue for the first district of Missouri. The term petitioner as hereinafter used will refer to the husband, Edgar F. Stevens. In paragraph 3 of the stipulation referred to above the story of the loss of the ring is graphically told as follows: "While duck hunting during the 1944 season and while in the act of retrieving a decoy, a ring belonging to petitioner Edgar F. Stevens slipped off his finger and dropped into muddy water several feet deep. Although he was conscious of the fact at the moment the ring slipped from his finger, *149 it disappeared into the muddy water making all efforts to recover it futile." We take the stipulation to mean that in 1944, while the petitioner was duck hunting and in the act of retrieving a decoy, the ring in question slipped from his finger and was lost. The cost and market value of the ring at the time of the loss was $462.59. The petitioner recovered $250 of insurance, leaving a loss of $212.59, which he claimed in his return as a deduction under section 23(e)(3), Internal Revenue Code. That section permits the deduction by an individual "of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty." [Opinion] It may be conceded, for the purpose of argument, that the loss of the ring was an accident or "casualty," in the sense that it was an event due to a "sudden, unexpected and unusual cause," Matheson v. Commissioner, 54 Fed. (2d) 537, and was not an intentional act on the petitioner's part. However, the section of the statute involved has been construed as authorizing the deduction only of losses caused by fire, storm, shipwreck or like casualty. The authorities were *150 recently reviewed by us in Ray Durden, 3 T.C. 1, where we allowed the deduction of a loss to residential properties resulting from unusually strong dynamite blasts in a nearby quarry. In our opinion we said: "Under the doctrine of ejusdem generis, it is necessary to define the word 'casualty' in connection with the words 'fires, storms, shipwreck' immediately preceding it. 'Casualty' has been variously defined, including 'an undesigned, sudden and unexpected event' - Webster's New International Dictionary; also as 'as event due to some sudden, unexpected or unusual cause,' - Matheson v. Commissioner,,n. 54 Fed. (2d) 537. * * * The damage was not caused by any progressive deterioration of property. We conclude that it was caused by a casualty in the ordinary sense of the word. Whether under the application of the doctrine of ejusdem generis it was a casualty of the same general nature or kind, as 'fires, storms, shipwreck,' offers a somewhat more difficult question. * * *" In Charles J. Fay, 42 B.T.A. 206, we said, in denying the deduction of a loss occasioned by termite damage to a residence: "The petitioners contend that the rule of ejusdem *151 generis should not be applied. The Board has held otherwise. Fred J. Hughes, 1 B.T.A. 944; Daniel F. Ebbert, 9 B.T.A. 1402. * * *" In William J. Matheson, 18 B.T.A. 674, affirmed Matheson v. Commissioner, supra, we said that casualty as used in the statute "connotes the effect of some sudden and destructive force resulting in loss." See also Shearer v. Anderson, 16 Fed. (2d) 995, and United States v. Rogers, 120 Fed. (2d) 244. The loss here was not like that resulting from the collision of an automobile, Shearer v. Anderson, supra; W. S. Bronson, 9 B.T.A. 1008; or a flood, Ferguson v. Commissioner, 59 Fed. (2d) 893; or an ice storm, Frederick H. Nash, 22 B.T.A. 482; or subterranean disturbances, Harry Johnston Grant, 30 B.T.A. 1028. The petitioner merely permitted his ring to drop from his finger, by his own carelessness, we must presume, without the intervention of any sudden or destructive force. It was much the same kind of loss as might result from the loss of one's purse, or any other article of value. Certainly, if Congress had *152 intended to allow the deduction of such losses it would have expressed its aim in language much simpler and more appropriate to that end than is to be found in section 23(e)(3). We think that the respondent did not err in disallowing the claimed loss. Decision will be entered for the respondent.