William H. Carpenter and Nancy C. Carpenter v. Commissioner.
Carpenter v. Commissioner
Docket No. 5893-64.
United States Tax Court
T.C. Memo 1966-228; 1966 Tax Ct. Memo LEXIS 57; 25 T.C.M. (CCH) 1186; T.C.M. (RIA) 66228; October 18, 1966
Carlton B. Schnell, for the petitioners. Alan E. Cobb, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency in the income tax of petitioners for the taxable year 1962 has been determined by the Commissioner in the amount of $221.92. The sole issue to be decided is whether respondent has erred in disallowing a claimed casualty loss deduction. Findings of Fact The facts are found which are stipulated. Petitioners are husband and wife residing at Cleveland Heights, Ohio. They filed their joint Federal income tax return for 1962 with the district director at Cleveland, Ohio. During 1962 petitioner Nancy Carpenter owned a diamond engagement ring. At an undisclosed time in 1962 she placed the *58 ring in a waterglass of ammonia for the purpose of cleaning it. The glass containing the ring was left "next" to the kitchen sink. While petitioner William Carpenter was washing dishes, he inadvertently "picked up the glass and emptied its contents down the" sink drain, not realizing the ring was part of such contents. He then activated the garbage disposal unit in the sink damaging the ring. The damaged ring was recovered and taken to a jeweler for appraisal. His appraisal was that the ring was a total loss. The ring consisted of a platinum mounting, one diamond of.76 carat and four small diamonds of undisclosed weight. Immediately before going into the disposal unit the fair market value of the mounting was $235, that of the large diamond $725, and the aggregate of four small diamonds $50, or an aggregate fair market value of $1,010. This amount was deducted on petitioners' income tax return as a casualty loss. The fair market value of the mounting immediately after being placed in the disposal unit was $5, that of the large diamond zero, and the aggregate of the small diamonds $25, or a total aggregate fair market value of $30. Following the above event William purchased and *59 gave Nancy a ring at a purchase price of $169.50. Nancy had a loss as a result of the above facts in the amount of the difference between the fair market value of her original ring immediately before it was damaged and its fair market value immediately after in the resulting amount of $980. Opinion Respondent's position here is that Nancy did not suffer a casualty loss within the meaning of section 165(a) and (c)(3) of the Internal Revenue Code of 1954[1] in that, by applying the principle of ejusdem generis, it cannot be said that the events which gave rise to the ring damage were like or similar to a "fire, storm, [or] shipwreck" and therefore do not amount to "other casualty" under that section. He also takes the position that, should we hold to the contrary on this point, the replacement value of the ring subsequently purchased for Nancy by William and the salvage value of the damaged ring must be offset against the gross loss suffered by Nancy. *60 Because William's testimony and his demeanor on the witness stand satisfies us that he is not the type of person who would deliberately and knowingly do so, we have concluded that his placing of the original ring in the disposal unit was inadvertent and accidental. We in turn conclude from this that the damage to the ring resulted from the destructive force of the disposal coupled with the accident or mischance of placing it therein; that, because this is so, the damage must be said to have arisen from fortuitous events over which petitioners had no control. While the application of the principle of ejusdem generis has been consistent in reported cases under this section of the Code and its predecessors, from at least Shearer v. Anderson, 16 F. 2d 995 (C.A. 2), the application has been clearly and consistently broadened. Automobile accidental damage has been likened to shipwreck, Shearer v. Anderson, supra; earthslide damage to a building, to fire, storm, and shipwreck, Harry Heyn, 46 T.C. 302; and drought damage to buildings, to storm damage, Maurer v. United States, 178 F. Supp. 223, reversed on other grounds 284 F. 2d 122. *61 Respondent has gone so far as to allow deduction for damage caused by the sonic boom of a speeding airplane as an "other casualty." See Rev. Rul. 59-344, 1959-2 C.B. (Part 2) 74, superseded by Rev. Rul. 60-329, 1960-2 C.B. (Part 2) 67, only to clarify the former. This Court has held that "other casualty" includes damage caused by an infestation by termites, E. G. Kilroe, 32 T.C. 1304, in no way departing from the principle in doing so. We think the principle of ejusdem generis as now applied fulfills congressional intent in the use of the phrase "other casualty" in that it is being generally held that wherever force is applied to property which the owner-taxpayer is either unaware of because of the hidden nature of such application or is powerless to act to prevent the same because of the suddenness thereof or some other disability and damage results, he has suffered a loss which is, in that sense, like or similar to losses arising from the enumerated causes. Of course, we do not mean to say that one may willfully and knowingly sit by and allow himself to be damaged in his property and still come within the statutory ambit of "other casualty. *62 " Nancy sustained a loss here under circumstances which it is true may be due to her or her husband's negligence, but this has no bearing upon the question whether an "other casualty" has occurred absent any willfulness attributable thereto. Harry Heyn, supra. In the circumstances of this case we do not think that the amount of the loss must be reduced by the value of the "replacement" ring. The husband was not an insurer of the ring and it is difficult to conclude that his wife had any claim or measurable right of reimbursement against him for her loss. What he did was simply make another gift to her as an act of repentance or contrition, and not as a compensatory action. Decision will be entered under Rule 50. Footnotes
1. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *
(c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * *
(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. No loss described in this paragraph shall be allowed if, at the time of the filing of the return, such loss has been claimed for estate tax purposes in the estate tax return.↩