William R. Miller and Nancy C. Miller v. Commissioner.
Miller v. Commissioner
Docket No. 4854-69 SC.
United States Tax Court
T.C. Memo 1970-167; 1970 Tax Ct. Memo LEXIS 198; 29 T.C.M. (CCH) 741; T.C.M. (RIA) 70167; June 22, 1970, Filed William R. Miller, pro se, 6815 Alnwick Ct., Indianapolis, Ind.James McGrath, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: The Commissioner determined a deficiency of $324.64 in petitioners' Federal income tax for the calendar year 1967. Due to a concession made by petitioners in their petition, the sole issue for decision is whether petitioners are entitled to a casualty loss deduction under section 165(c)(3) of the Internal Revenue Code of 1954. [1]
Findings of Fact William R. (hereinafter petitioner) and Nancy C. *199 Miller are husband and wife, who filed a joint Federal income tax return for the calendar year 1967 with the district 742 director of internal revenue, Indianapolis, Indiana. At the time of the filing of the petition herein, they resided in Indianapolis. On November 30, 1965, petitioners purchased a house located on Lot No. 236, Avalon Hills, Section 9, commonly known as 6815 Alnwick Court, Indianapolis, Indiana. The desirability of this lot was enhanced by the large Beech and Maple trees located thereon. In fact, wooded lots situated in the Avalon Hills area cost approximately $2,500 more than similarly situated unwooded lots. On December 2, 1965, the property in question was graded and leveled. In the opinion of a landscape gardener and tree surgeon, the grading of fill dirt of the root system of the trees located on the lot in question caused them to die because the fill dirt prevented osmotic action of absorption and aeration, thereby suffocating the trees. As of the date on which the grading occurred, the trees were, in the gardener's opinion, doomed. An appraisal of the property in question was made in February 1968. At that time the fair market value of the property *200 prior to the loss of the trees was $42,500, whereas the value thereof after the loss in question was $41,000. According to a real estate appraiser, the loss would be in the same amount had the appraisal been made in February 1966. Some of the trees were removed in the spring of 1967, at which time it was apparent that they were dead. Other trees which still manifested some signs of life were not removed until the fall of 1967, at which time there was no doubt that these trees were also dead. Petitioners claimed a $1,400 [2] casualty loss deduction on their 1967 income tax return which respondent disallowed in its entirety. Opinion As a result of improper grading, certain trees situated on petitioner' property suffocated and died. Petitioners claimed a casualty loss deduction therefor, which respondent disallowed. The issue presented for our decision is whether the damage to the trees caused by improper grading is a casualty loss within the meaning of section 165(c)(3) which provides in pertinent part as follows: SEC. 165. LOSSES. *201 (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * * (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * * (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. * * * The phrase "other casualty" has been defined as "an event due to some sudden, unexpected, or unusual cause." Matheson v. Commissioner, 54 F. 2d 537, 539 (C.A. 2, 1931). Under the rules of ejusdem generis, "other casualty" must have the same characteristics as fire, storm, or shipwreck. Appleman v. United States, 338 F. 2d 729 (C.A. 7, 1964); Shearer v. Anderson, 16 F. 2d 995 (C.A. 2, 1927); Keenan v. Bowers, 91 F. Supp. 771 (E.D.S.C., 1950). We have recognized that the "term 'suddenness' is comparative, and gives rise to an issue of fact,". Rudolf Lewis Hoppe, 42 T.C. 820, 823 (1964), affd. 354 F. 2d 988 (C.A. 9, 1965); E.G. Kilroe, 32 T.C. 1304, 1306 (1959). *202 Therefore, a careful examination of the facts in the case before us is warranted in order to determine whether the requisite "suddenness" was present so as to justify a casualty loss deduction under section 165(c)(3). The grading took place on December 2, 1965. Photographs introduced into evidence by petitioner show that some of the trees in question had died as of the spring of 1967, whereas others appeared healthy at that time and did not die until the fall of the same year. The process by which the trees died was described as suffocation of the roots. In the words of a tree surgeon, the fill dirt prevented osmotic action of absorption and aeration, thereby suffocating the trees. The very nature of the cause of death indicates that the loss caused by improper grading arose through a progressive deterioration rather than a sudden occurrence. 743 While it may be true, as petitioner contends, that the grading close to the trees and their root systems was unexpected, the death of the trees is the result of progressive deterioration, here a minimum of 16 months. While we sympathize with petitioner's situation, we are unable to find that requisite degree of "suddenness" or "unexpectedness" *203 which would warrant a deductible casualty loss. The damage to the trees, according to the evidence, was due to the gradual suffocation of the root systems. Accordingly, we are constrained to deny the deduction claimed therefor. Fay v. Helvering, 120 F. 2d 253 (C.A. 2, 1941), affirming 42 B.T.A. 206 (1940); Matheson v. Commissioner, supra.
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Although the actual loss was $1,500, section 165(c)(3)↩ limits the deduction for a casualty loss to the amount of the loss in excess of $100.