Willard T. Burkett v. Commissioner.
Burkett v. Commissioner
Docket No. 27344.
United States Tax Court
1951 Tax Ct. Memo LEXIS 90; 10 T.C.M. (CCH) 948; T.C.M. (RIA) 51290; September 28, 1951
*90 J. B. Sheftel, Esq., for the petitioner. Robert M. Willan, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax of the petitioner for 1946 in the amount of $994.55. The petitioner assigns as the only error the action of the Commissioner in disallowing a deduction of $1,812.35 for 1946 claimed under section 23 (e) (3) as a loss from a casualty, being damage to a seaside house resulting in 1946 from a hurricane which occurred in 1944. Findings of Fact The petitioner filed his individual income tax return for 1946 with the collector of internal revenue for the second district of New York. The petitioner has owned a beach front summer residence at Oak Beach, Long Island, New York, since 1936. Oak Beach is located on an island several miles long and about 300 yards wide which contains a hundred or more beach cottages. The petitioner's cottage is a two-story structure approximately 30 feet by 40 feet. It has no basement and at the time of a hurricane in 1944 rested upon a foundation of about 40 wooden posts driven into the sand to a depth of about 5 feet. The posts were installed new in *91 1938 and under ordinary conditions would have been adequate for many years. All of the other cottages along the beach are similarly constructed. A hurricane struck Oak Beach in September 1944 with abnormally high tides and heavy rain. The tide rose until the water completely surrounded the petitioner's cottage. The water cut a channel underneath the house which carried away a large part of the sand surrounding about 15 of the foundation posts. Several were exposed down to their footings. Another channel about six feet wide and four to five feet in depth was cut between the petitioner's cottage and the house next door. The posts supporting the petitioner's house were still straight and their stability unaffected when examined by the petitioner shortly after the storm. He filled in the channels and replaced the sand around the posts, using a bulldozer and wheelbarrow. Several jetties and bulkheads previously installed on the property to prevent erosion were carried away in the storm. He installed new jetties at that time but they were not placed properly in the sand and washed away repeatedly thereafter. The floor boards in the living room and front porch of the petitioner's house *92 began to buckle some time in 1946. An examination revealed that some of the posts had settled too low into the sand and some were twisted out of shape so that the house was no longer on a level plane. The damage was the result of the 1944 hurricane but did not develop until 1946. A complete reposting job was necessary to save the house. The house was completely reposted in the fall of 1946 at a total cost of $1,503.70 which included some carpentry and plumbing work incidental to the reposting. Several jetties were installed on the petitioner's property in the fall of 1946 at a cost of $308.65 to control the constant erosion which had existed prior to that time and to protect the cottage. All damage to the petitioner's jetties and bulkheads caused by the hurricane in 1944 was ascertainable in 1944. The petitioner claimed a deductible loss on his 1946 return in the amount of $1,812.35 on account of damage caused to his property by the hurricane which occurred in 1944. The Commissioner, in determining the deficiency, disallowed the loss. The petitioner sustained a deductible casualty loss in 1946 in the amount of $1,503.70. Opinion MURDOCK, Judge: The whole defense of the *93 Commissioner, as the case was presented, was that the petitioner had not shown and could not show that the damage, which occurred in 1946, was a direct result of the 1944 hurricane. However, the fact is shown by a fair preponderance of the evidence. There is testimony that the sand, in which the posts were set, became loose as a result of the washing and high tides at the time of the hurricane, and as it settled and packed the posts shifted gradually under the weight of the house until in 1946 the house began to twist and buckle. The fair and reasonable conclusion to be drawn from the entire record is that the delayed action of the 1944 hurricane caused the 1946 loss. The reposting repairs were absolutely necessary to save the house and are a fair measure of the damage or loss. The $308.65 spent for jetties has not been shown to have been a part of the loss from casualty. Decision will be entered under Rule 50.