119 F.Supp. 705 (1953)
SHOPMAKER et al.
v.
UNITED STATES.
No. 9030.
United States District Court E. D. Missouri, E. D.
October 2, 1953.
Sylvan Agatstein, St. Louis, Mo., for plaintiffs.
Harry Richards, U. S. Atty., and Robert E. Brauer, Asst. U. S. Atty., St. Louis, Mo., for defendant.
HULEN, District Judge.
Plaintiffs sue for a tax refund of $1,476.56. The claim is based on termite damage to plaintiffs' residence in the amount of $4,031.04. The issue is whether or not money expended in repairing damage to a dwelling caused by termites is deductible from income as a "casualty" within the meaning of Section 23(e) (3) of the Internal Revenue Code, 26 U.S.C., 1946 edition, § 23. We hold that it is under authority of Rosenberg v. Commissioner of Internal Revenue, 8 Cir., 198 F.2d 46.
In December, 1949, plaintiffs purchased the residence which is the subject matter of the claim. It had been constructed some twelve years prior. Its expectancy is fifty years. At time of purchase plaintiff Joseph Shopmaker and the real estate agent, who sold plaintiffs the property, made an inspection for termites. Neither claimed to be a termite expert. The real estate agent testified that he had made a number of inspections of houses and knew how to detect termites. No evidence of termites was found at the time plaintiffs purchased the residence. No termites were *706 found during the year 1950. On February 8, 1951, termites swarmed in the kitchen. Witness Ralph Hoener examined the house and found extensive damage from termites. He has been in the termite business for twenty-one years. As an expert he testified he could not tell when the termites invaded the house for the first time. On February 8th he found swarms in two locations.
Installation of termite controls is an occupation for experts, but the presence of termites can be determined by non-experts. They are detected by the runways on the ground and across material that they do not attack, by swarming and by piercing the wood, which after termite destruction remains only a hollow shell. The real estate agent who examined the property at the time plaintiffs made the purchase testified he was informed on the manner of detecting termites. He found no runways or swarms at the time of his inspection. He used a penknife to pierce the wood joints in the basement. This is substantial evidence that the residence was free of termites at the time plaintiffs purchased in December 1949.
Termites swarm yearly in large numbers and are then easily seen. Plaintiffs saw no swarms in 1950. This corroborates the testimony of the real estate agent. From this evidence we conclude that the termites invaded the premises subsequent to December 1949. The facts bring this case within the Rosenberg case.
We are impressed with the argument of plaintiffs that the casualty is the invasion of the premises by termites. This is a comparatively quick or sudden operation. The resultant damage which may extend over a period of months or years flows from the casualty. The damage and the time it takes for the termites to effect it should not be confused with their initial invasion and determining what is the casualty. The case of Burkett v. Commissioner of Internal Revenue, C.C.H. Dec. 18, 581 (M), Dkt. 27,344 referred to in the Rosenberg opinion, illustrates this observation. In the Burkett case sand from wooden foundations under a house was washed away during a hurricane. The result was that foundation posts gradually sank over a period of two years, eventually requiring the replacement of many of the posts in order to level the floors. The Commissioner held this was a loss by casualty. The casualty was the washing away of the sand during the hurricane. The damage developed over a period of years from that casualty.
The evidence is undisputed that if plaintiffs are entitled to recover, judgment should be for a refund of $1,476.56.
Let judgment be settled and submitted accordingly.