George L. BUIST and Edna W. Buist, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 6494.

United States District Court
E. D. South Carolina,
Charleston Division.

Aug. 21, 1958.

---

6. 46 U.S.C.A. § 1300 ff.

7. United States v. Wessel, Duval & Co., D.C.S.D.N.Y., 115 F.Supp. 678.

Henry B. Smythe, George E. Grimball, Jr., Charleston, S. C., for plaintiffs.

N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., Thomas P. Simpson, Asst. U. S. Atty., Charleston, S. C., James P. Saunders, Department of Justice, Washington, D. C., for defendant.

WYCHE, District Judge (sitting by designation).

This is a suit for refund of income taxes in the amount of $1,212.57 for the year 1954.

The issue is whether money expended in repairing damage to a dwelling caused by termites is deductible as a "casualty loss" within the meaning of Section 165(c) (3) of the Internal Revenue Code, 26 U.S.C.A. § 165(c) (3).

The plaintiffs, husband and wife, filed a joint Federal income tax return for the year 1954, and on such return claimed a deduction in the amount of $2,233.96 for a loss arising from a sudden attack of termites on the taxpayers' property at the Isle of Palms, in Charleston County, South Carolina. The deduction was disallowed by the District Director of Internal Revenue on audit of the return. Additional income tax was assessed in the amount of $1,092.50, plus interest in the amount of $120.07. The additional tax plus interest was paid under protest and a claim for refund was duly filed by the plaintiffs which was disallowed.

In compliance with Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon, as follows:

### Findings of Fact

In 1939, the plaintiff George L. Buist purchased a beach cottage on the Isle of Palms, which was of wood construction, typical of summer beach cottages in that area. From time to time the plaintiff George L. Buist added to and improved the house and in June, 1954, the total acquisition cost of the house (tax basis) was $10,039.19.

The house was customarily used only during the summer months and each spring the plaintiff employed H. A. DeCosta Company, General Contractors, of Charleston, South Carolina, to inspect the house and make whatever repairs might be necessary. In the spring or early summer of 1953, H. A. DeCosta, Jr., the General Manager of H. A. DeCosta Company, examined this house and found no evidence of termites or termite damage.

The plaintiffs occupied the house during a portion of the summer of 1953, and during such occupancy found no evidence of termites or termite damage.

In August and early September, 1953, the plaintiffs loaned the cottage to P. O. Mead, Jr., a lumberman, who lived in the cottage for several weeks; because of his interest in lumber he examined the house to see how it was built, the type of lumber that had been used and the general condition of the house; he saw no evidence of termites or termite damage.

In June, 1954, H. A. DeCosta, Jr., again examined the house at the request of the plaintiff to determine what repair work, if any, was necessary. In the course of this examination he discovered that the house was under heavy attack by termites. Some of the sills and other structural timber of the house had been substantially damaged.

H. A. DeCosta Company did the work necessary to repair the termite damage and, in the year 1954, the plaintiff George L. Buist paid to H. A. DeCosta Company $2,083.96 for this repair work and paid $150 to Orkin Exterminating Company, Inc., which did other work in connection with the termite damage. The reduction in the fair market value of the house, because of the termite damage, was in an amount at least as great as the cost of repairs. The loss was not compensated for by insurance or otherwise.

There were no termites in the house in question during the summer of 1953, and between that time and June, 1954, the house was suddenly attacked by termites for which the taxpayers expended the sum of $2,233.96 for repairs of the damage.

In my opinion plaintiffs are entitled to recover the amount of $1,212.57, together with interest.

### Conclusions of Law

This Court has jurisdiction of the parties and of the subject matter of this action.

Section 165(a), Internal Revenue Code, 26 U.S.C.A. § 165(a), provides that there shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. Section 165(c) (3) provides: "(c) Limitation on losses of individuals. —In the case of an individual, the deduction under subsection (a) shall be limited to— * * * (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. * * *"

The words "other casualty" provided in Section 165(c) (3) of the Internal Revenue Code mean casualty of like kind and character. Keenan v. Bowers, D.C., 91 F.Supp. 771. Where termites attack a house with a sudden infestation, the loss amounts to a casualty within the meaning of Section 165(c) (3), Internal Revenue Code. Rosenberg v. Commissioner, 8 Cir., 198 F.2d 46, 41 A.L.R.2d 684. Shopmaker v. United States, D.C., 119 F.Supp. 705.

The facts in this case bring it within the purview of the Rosenberg and Shopmaker cases, supra. When termite damage occurs in a short period of time, as it did in this case, the element of suddenness is present, so that the loss resulting therefrom constitutes a casualty within the meaning of the law.

This case is distinguishable from the case of United States v. Rogers, 9 Cir., 120 F.2d 244; Fay v. Helvering, 2 Cir., 120 F.2d 253, and Dodge v. Commissioner, 25 T.C. 1022, in that in each of these cases, the facts show that the element of suddenness was lacking.

Therefore, judgment should be entered for the plaintiffs in the amount of $1,212.57, together with interest.

Appropriate order may be submitted accordingly.