J. Peter **MEERSMAN** and La Una Gay Meersman, Plaintiffs-Appellants,

v.

**UNITED STATES of America,** Defendant-Appellee.

No. 16656.

United States Court of Appeals Sixth Circuit.

Dec. 14, 1966.

Robert G. McCullough, Nashville, Tenn. (William Waller, Nashville, Tenn., on the brief; Waller, Lansden & Dortch, Nashville, Tenn., of counsel), for appellants.

J. Edward Shillingburg, Dept. of Justice, Washington, D. C. (Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, David O. Walter, Dept. of Justice, Washington, D. C., on the brief; James F. Neal, U. S. Atty., Thomas H. Shriver, Asst. U. S. Atty., Nashville, Tenn., of counsel), for appellee.

Before EDWARDS and PECK, Circuit Judges, and FOX, District Judge.

**PER CURIAM.**

As is indicated by the fact that this case was presented to the District Court on the crossed motions of the parties for summary judgment, the facts are not in dispute. Plaintiffs-appellants (husband and wife from whose joint income tax return the issue herein arose, and sometimes hereinafter referred to as "taxpayers") stored wearing apparel in a cedar chest which was destroyed in the course of a single winter by carpet beetles or their larvae. In their tax return for the appropriate year taxpayers claimed a deduction in the amount of the value of the wearing apparel destroyed ($3,-797.50), which was disallowed by the Internal Revenue Service, which determined a deficiency due. Taxpayers paid the deficiency and in this action sought re-

---

covery of the additional tax assessed after disallowance of the deduction.

The Internal Revenue Code of 1954 allows as a deduction any loss sustained during the taxable year for which compensation has not been made by insurance or otherwise. The Code goes on to provide that the deduction shall be limited, in the case of an individual, to "losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. * * *" [26 U.S.C. § 165 (c) (3)]. The single issue presented by this appeal is whether the destruction of the wearing apparel by carpet beetles constituted a deductible loss from "fire, storm, shipwreck, or other casualty" within the meaning of this subsection.

Taxpayers rely particularly on Rosenberg v. Commissioner, 198 F.2d 46, 41 A. L.R.2d 684 (8th Cir. 1952), which permitted deduction for destruction shown to have been caused by termites between September and April. The court there held specifically that a termite loss which occurred during the stated period was a "casualty" loss within the meaning of the Code, and attempts a distinction between the facts there at bar and those presented in United States v. Rogers, 120 F.2d 244, modified on another issue on rehearing, 122 F.2d 485 (9th Cir. 1941) and Fay v. Helvering, 120 F.2d 253 (2d Cir. 1941), which also dealt with the deductibility of loss caused by termite destruction. The distinction sought to be made is between destruction through a "progressive deterioration of property through a steadily operating cause" (*Rogers* and *Fay*) and destruction by "a sudden invasion of a hostile agency" (*Rosenberg*).

While Rosenberg v. Commissioner, supra, is not here controlling, we incline toward the view expressed by the dissenting opinion in that case, wherein it is stated (198 F.2d p. 51), "It is difficult for me to see how under the language of the statute the consequences of termites or any other operating force can be said to constitute a casualty loss for a certain period of time and a non-casualty loss

thereafter. To my mind, a cause, operating throughout in the same manner, either constitutes a casualty force in its entire operation or else it does not do so at all. Time of discovery in such a situation may affect the scope of the injury done, but it does not give rise to any metamorphosis in the nature of the force, the mode of its operation, or the character of the result."

This court held in Burns v. United States of America (284 F.2d 436, 1960) that the value of a tree destroyed as a result of Dutch elm disease could not be deducted as a casualty loss. The court therein affirmed a determination made below by then District Judge Paul C. Weick for the reasons set forth in his opinion (174 F.Supp. 203). In that exhaustive opinion Judge Weick reviewed a large number of cases having direct and analogous application to the situation there presented, and concluded, after a review of the manner in which beetles so infected trees as to cause their death, that (p. 210) "These are everyday occurrences of nature." In addition to making an analytical review of Rosenberg v. Commissioner, supra, in his opinion Judge Weick also made a careful analysis of Shopmaker v. United States, 119 F.Supp. 705 (E.D. Mo. 1953) and Buist v. United States, 164 F.Supp. 218 (E.D. S.C. 1958), and then made this observation (p. 210):

"The viewpoint has been expressed that the Rosenberg decision (and necessarily those cases following it) is of dubious validity. In my judgment, Fay and Rogers were correctly decided. While the discovery of the damage took place much sooner in Rosenberg, Shopmaker and Buist than in Fay, Rogers, Feinstein and Dodge, I cannot conceive of the termites having such voracious appetites in the former and not in the latter cases as to render the damage itself sudden rather than progressive. The only real point of difference between the cases is how soon the presence of the termites was discovered. This does not, in my judgment, furnish the right criterion for determining

whether the loss constituted a casualty.

"Taxpayers have cited no case where a deduction as a casualty loss has ever been allowed for plant life afflicted with disease. The nearest approach is the Rosenberg, Shopmaker and Buist cases.

"In those cases, the damage was inflicted by the termites themselves. In the case at bar, the beetles inflicted little or no damage, but acted merely as a carrier of a disease with which the tree became infected. The carrying of disease germs is not peculiar to insects. Disease germs are carried in a variety of ways, even by human beings and by the air which we breathe."

As has been hereinabove indicated, this court has already in direct appeal specifically approved this reasoning and these conclusions [Burns v. United States, 284 F.2d 436 (1960)], and does so again in connection with the present appeal. Accordingly, the judgment of the District Court is affirmed.