John A. MAHER and Madeline K. Maher, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 81–5561.

United States Court of Appeals, Eleventh Circuit.

July 6, 1982.

Wellisch & Metzger, Kurt Wellisch, Coral Gables, Fla., for petitioners.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Thomas M. Preston, Jr., Tax Div., Dept. of Justice, Washington, D. C., for respondent.

Before RONEY and KRAVITCH, Circuit Judges, and PITTMAN\*, District Judge.

RONEY, Circuit Judge:

Taxpayers claimed a casualty loss deduction on their 1974 federal income tax return for the death of 22 coconut palm trees due to a disease known as "lethal yellowing." The Tax Court disallowed the claim and assessed a deficiency. Contrary to taxpayers' argument that the destruction of their trees was a deductible casualty loss under Section 165(c)(3) of the Internal Revenue Code of 1954, we affirm.

*Background*

Taxpayers John and Madeline Maher, husband and wife, purchased a home in Miami Beach, Florida in May 1974. On the property were 22 fully matured coconut palm trees. All 22 trees died in or around September 1974 from lethal yellowing disease.

The taxpayers claimed a deduction for the palm trees under Section 165(c)(3) of the Internal Revenue Code of 1954, which allows a deduction for "losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft." The Commissioner's disallowance of the deduction and finding of a deficiency of $14,669.00 was sustained by the United States Tax Court. This appeal followed.

Lethal yellowing, a disease that affects coconut palms, is caused by a mycoplasma-like organism which infiltrates the food-conducting veins of a tree. The organism is carried from tree to tree by a leaf hopper

---

\* Honorable Virgil Pittman, U. S. District Judge for the Southern District of Alabama, sitting by designation.

insect called myndus crudus which feeds on the fluid in the palm's food-conducting veins. During feeding the myndus crudus transmits the organism to the tree.

The time between the initial infection of the tree and the first appearance of any symptom is known as the "incubation period" and ranges from four to twelve months, the average being five to six months. During the incubation period the disease is undetectable. Between the first appearance of symptoms and the death of the tree is the "apparent disease" period. Ranging from one to six months with an average of four months, this period begins with the dropping of immature coconuts followed by yellowing of the lower fronds and darkening of the young flowers of the tree. The yellowing then spreads upward, eventually encompassing the entire crown of the tree. Ultimately, the bud growth on the top of the tree dies and the entire top falls off. When taxpayers' palm trees died in 1974, there were no precautionary measures to protect against the disease and no known treatment to cure it. Once infected, a tree was sure to die.

### Application of Section 165(c)(3)

The term "other casualty" in Section 165(c)(3) is defined in neither the Internal Revenue Code nor applicable Treasury Regulations. Legislative history provides no guidance in discerning its meaning. By application of the principle of *ejusdem generis*, which means the same kind, class or nature, however, courts have limited it to mean a loss proximately caused by a sudden, unexpected, or unusual event, *Matheson v. Commissioner*, 54 F.2d 537, 539 (2d Cir. 1931), excluding progressive deterioration of property through a steadily operating cause or by normal depreciation. *Rosenberg v. Commissioner*, 198 F.2d 46, 49 (8th Cir. 1952); *Fay v. Helvering*, 120 F.2d 253 (2d Cir. 1941).

A quick review of all of the cases cited by the taxpayer, set forth in tabular form as an appendix to this opinion, reveals that a disease has not heretofore been treated as an "other casualty." While only the Sixth Circuit has made the positive declaration that losses due to disease can *never* constitute a casualty loss, *Burns v. United States*, 174 F.Supp. 203 (N.D.Ohio 1959), *aff'd per curiam*, 284 F.2d 436 (6th Cir. 1960), taxpayers have cited no decision which has ever allowed a casualty loss deduction for a loss resulting from disease.

Taxpayers argue that the exact cause of a loss is not controlling but that in considering the criteria under which casualty loss claims are evaluated, including the unexpected or unusual nature of the loss, *Matheson v. Commissioner*, 54 F.2d at 539, the suddenness of the event precipitating the loss is the *key* factor, citing *Hoppe v. Commissioner*, 354 F.2d 988 (9th Cir. 1965). They argue that the precipitating event—the fatal piercing of the food-carrying veins by the insects which gave the trees the disease—was sudden, unexpected and unavoidable, entitling them to a deduction, even if it took months from the initial infection until the foreordained tree deaths occurred. Appealing as this argument may be from a conceptual standpoint, a review of the cases reveals the correctness of the Tax Court's application of the principle of *ejusdem generis* and its holding that lethal yellowing disease does not exhibit the same qualitative characteristics as the other events that have served to define the scope of Section 165(c)(3).

Taxpayers rely on *Nelson v. Commissioner*, 27 T.C.M. 158 (1968), and *Black v. Commissioner*, 36 T.C.M. 1347 (1977), because in those cases casualty loss deductions were allowed for pine tree damage inflicted by southern pine beetles. *Nelson* and *Black*, however, are not disease cases. *Nelson* pointed out beetle damage is not a disease as in the cases involving Dutch Elm disease or phloem necrosis, 27 T.C.M. at 162, while the *Black* court suggested it did not matter whether the tree damage was caused by the tunneling of the beetles or the fungi they carried. 36 T.C.M. at 1350. The court noted the more accepted view that the beetles themselves caused the damage and made no finding that disease killed the trees. *Id.*

Cases involving termite damage, which are varied and sometimes have turned on the suddenness of the attack, do not involve loss due to disease. *See, e.g., Rosenberg v. Commissioner*, 198 F.2d 46 (8th Cir. 1952); *Buist v. United States*, 164 F.Supp. 218 (E.D.S.C.1958); *Shopmaker v. United States*, 119 F.Supp. 705 (E.D.Mo.1953).

This case is analogous factually to *Burns v. United States*, 284 F.2d 436 (6th Cir. 1960), where, in refusing a casualty loss deduction for tree damage due to Dutch Elm disease, the Sixth Circuit adopted the following reasoning of the district court:

There is nothing sudden, unusual or unexpected for a beetle (or any other insect) to feed on a tree, or to deposit its eggs underneath the bark in the tree lining or to act as a carrier of disease or for the tree to become infected with disease and die in consequence thereof. These are everyday occurrences of nature.

\* \* \* \* \* \*

To allow recovery here would necessitate an extension of the doctrine of [the termite cases]. The result would be to open wide the door to all sorts of claims for casualty deduction on account of loss or damage to plant life or animals caused by any kind of disease. [The termite cases] do not have a sufficiently firm foundation to warrant their extension.

In common parlance, death resulting from disease is not regarded as an accident. The onset of the disease, whether the illness was of short duration or lingering, and the time of discovery might all have importance in determining whether it was a casualty.

In my judgment, loss occasioned by disease, however contracted, is not a casualty within the meaning of the statute.

*Burns v. United States*, 174 F.Supp. at 210.

Although we express no opinion regarding whether the taxpayers' loss should be deductible or the correctness of the arguably arbitrarily drawn lines between loss from disease and other causes, we hold under the precedents upon which we must rely that economic loss attributable to disease does not constitute a casualty loss under Section 165(c)(3). Taxpayers are not entitled to a deduction for loss of their 22 coconut palm trees.

AFFIRMED.

## APPENDIX

| Case | Casualty Loss | Subject |
|---|---|---|
| *Appleman v. United States*, 338 F.2d 729 (7th Cir. 1964) | Disallowed | —Loss of elm trees caused by a disease, phloem necrosis. |
| *Black v. Commissioner*, 36 T.C.M. 1347 (1977) | Allowed | —Loss of pine trees caused by sudden beetle infestation. |
| *Buist v. United States*, 164 F.Supp. 218 (E.D.S.C.1958) | Allowed | —Sudden infestation of termites on property. |
| *Burkett v. Commissioner*, 10 T.C.M. 948 (1951) | Allowed | —Repairs to seaside house damaged by hurricane (cost of replacing jetties not allowed). |
| *Burns v. United States*, 174 F.Supp. 203 (N.D.Ohio 1959), *aff'd per curiam*, 284 F.2d 436 (6th Cir. 1960) | Disallowed | —Infestation of elm tree with Dutch Elm disease. |
| *Calderazzo v. Commissioner*, 26 T.C.M. 140 (1967) | Allowed | —Damage to shrubbery, roof of home and outside barbecue caused by hurricane. |
| *Campbell v. Commissioner*, 504 F.2d 1158 (6th Cir. 1974) | Disallowed | —Loss of a diseased horse. |
| *Carpenter v. Commissioner*, 25 T.C.M. 1186 (1966) | Allowed | —Diamond ring destroyed in garbage disposal. |

| | | |
|---|---|---|
| *Fay v. Helvering,*<br>120 F.2d 253 (2d Cir. 1941) | Disallowed | –Destruction by termites of roofs of two porches. No accident, mishap, or sudden invasion by hostile agency. |
| *Hoppe v. Commissioner,*<br>354 F.2d 988 (9th Cir. 1965) | Disallowed | –Dry rot damage to home; heavy rains during year not sole cause. |
| *Kilroe v. Commissioner,*<br>32 T.C. 1304 (1959) | Allowed | –Termite damage to home occurred with sufficient degree of suddenness. |
| *Matheson v. Commissioner,*<br>54 F.2d 537 (2d Cir. 1931) | Disallowed | –Progressive deterioration of faultily constructed building. |
| *Nelson v. Commissioner,*<br>27 T.C.M. 158 (1968) | Allowed | –Loss of pine trees caused by infestation of southern pine beetles. |
| *Rosenberg v. Commissioner,*<br>198 F.2d 46 (8th Cir. 1952) | Allowed | –Damage to dwelling caused by termites in a relatively short period of time. |
| *Ruecker v. Commissioner,*<br>41 T.C.M. 1587 (1981) | Allowed | –Loss of ornamental plants and shrubs caused by severe drought. |
| *Shopmaker v. United States,*<br>119 F.Supp. 705 (E.D.Mo.1953) | Allowed | –Damage to dwelling caused by termites. |
| *United States v. Flynn,*<br>481 F.2d 11 (1st Cir. 1973) | Disallowed | –Diseased horses. |
| *United States v. Rogers,*<br>120 F.2d 244 (9th Cir. 1941) | Disallowed | –House razed because of damage by termites or dry rot. |