CONNIE BAKER McCLENDON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McClendon v. Commissioner
Docket No. 13286-84.
United States Tax Court
T.C. Memo 1986-416; 1986 Tax Ct. Memo LEXIS 190; 52 T.C.M. (CCH) 391; T.C.M. (RIA) 86416; September 4, 1986. Connie Baker McClendon, pro se. Nancy W. Hale, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7456(d)(3) of the Internal Revenue Code *191 of 1954 and Rules 180, 181 and 182 of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined a deficiency in petitioner's Federal income tax for 1981 in the amount of $293.60. After concessions by both parties, the remaining issues are (1) whether petitioner is entitled to a deduction for legal fees in the amount of $600; (2) whether petitioner is entitled to a casualty loss deduction under section 165(c)(3) in 1981 in the amount of $300, and (3) whether petitioner is entitled to a deduction for a tax of $54 paid with respect to her telephone and a tax of $36 on utilities. Some of the facts have been stipulated and are found accordingly, Petitioner resided in Knoxville, Tennessee at the time the petition herein was filed. Petitioner claimed a deduction for legal fees in 1981 in the amount of $600 which was disallowed by respondent. Petitioner has the burden of proof on this issue. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner incurred *192 these expenditures in connection with her efforts to obtain child support and, in addition, to regain possession of her personal automobile from a dealer. Section 262 expressly disallows deductions for expenditures that are personal in nature. Here, the character of both claims pursued by petitioner was unquestionably personal in nature and consequently the legal fees incurred must also be categorized as personal expenditures. United States v. Gilmore,372 U.S. 39 (1963). We must therefore conclude that petitioner is not entitled to a deduction for the legal expenses incurred by her in 1981. Petitioner claimed a casualty loss deduction in 1981 in the amount of $300 which was disallowed by respondent. Section 165(c)(3) allows a deduction for losses of property arising from "fire, storm, shipwreck, or other casualty." The term "other casualty" has been interpreted to mean an accident, a mishap or some sudden invasion by a hostile agency. Maher v. Commissioner,76 T.C. 593, 596 (1981), affd. 680 F.2d 91 (11th Cir. 1982). Petitioner's deduction represents payments to a car rental agency during the period that her personal automobile *193 was unavailable due to mechanical difficulties. These factual circumstances simply do not fit within the accepted definition of a casualty loss. We conclude therefore that petitioner is not entitled to a casualty loss deduction in any amount in 1981 under the provisions of section 165(c)(3). Petitioner claimed a deduction in 1981 of $54 for a telephone tax and $36 for a utilities tax. Respondent disallowed both deductions. It appears that the telephone tax was a Federal excise tax. Section 164(a) provides for several classifications of taxes that shall be allowed as a deduction. Federal excise taxes are not among such classifications. See section 1.164-2(f), Income Tax Regs. Nor has petitioner met her burden of showing that the utilities tax of $36 falls within one of the allowable classifications of deductble taxes. Nor has petitioner shown that she is entitled to deduct either of these amounts as additional sales taxes since the record shows that she was allowed a general sales tax deduction based upon the amount allowable under the optional sales tax deduction tables. Petitioner's choice of using the optional tables precludes the separate deduction of the taxes here in *194 dispute, even if they were otherwise deductible. Respondent is sustained on this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩