T.C. Summary Opinion 2004-99


UNITED STATES TAX COURT


ELLIOT VIRGIL WILKERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1211-03S.              Filed July 27, 2004.


Elliot Virgil Wilkerson, pro se.

<u>John F. Driscoll</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2000, the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $11,493 for the taxable year 2000, as well as an accuracy-related penalty under section 6662(a) in the amount of $711.

After petitioner's concessions,[2] the remaining issues for decision are:

(1)  Whether petitioner received unreported business and rental income.  We hold that he did to the extent provided herein.

(2)  Whether petitioner is entitled to claim various Schedule C and Schedule E deductions.  We hold that he is not.

(3)  Whether petitioner is entitled to claim various itemized deductions for state and local taxes.  We hold that he is not.

(4)  Whether petitioner is entitled to claim a personal casualty or theft loss of $7,283.  We hold that he is not.

(5)  Whether petitioner is liable for the accuracy-related penalty under section 6662(a).  We hold that he is.

---

[2]  At trial and in the stipulation of facts, petitioner conceded the adjustments in the notice of deficiency; specifically, that he received unreported income in the following amounts: (1) Wages of $51,824; (2) interest of $54; and (3) rental income in the amounts of $2,380 and $642, for a total of $3,022.

Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time that the petition was filed, petitioner resided in Dothan, Alabama.

On or about April 15, 2001, petitioner filed with respondent a Form 1040, U.S. Individual Income Tax Return, for 2000 (Form 1040). On the Form 1040, petitioner reported zero wages, zero total income, and zero taxable income, and he claimed a refund of Federal income tax withheld in the amount of $7,940. On the last page of his Form 1040, petitioner listed his occupation as "Labor".

On October 28, 2002, respondent issued petitioner a notice of deficiency for 2000. Based on information returns, respondent determined that petitioner failed to report wages from Great Northern Nekoosa Corp. (GNNC) of $51,824, interest from Five Star Credit Union of $54, and total rental income of $3,022, which amount consisted of $2,380 from Paden Realty & Appraisals, Inc., and $642 from Housing Authority of the City of Dothan, Alabama. Respondent further determined that petitioner is liable for the accuracy-related penalty under section 6662(a) for a substantial understatement of tax.

On January 23, 2003, petitioner timely filed a petition with the Court challenging the determined deficiency stating: "Expense for the Production of Income".[3]  Thereafter, petitioner submitted to respondent's Appeals Office on June 4, 2003, a revised Form 1040 for 2000 (revised Form 1040).  Respondent did not process the revised Form 1040 as an amended return.  The revised Form 1040 reflected in pertinent part as follows:

```
Line 7.    Wages, salaries, tips, etc. * * *            $51,824
Line 8a.   Taxable interest. * * *                           54
Line 12.   Business income or (loss). * * *             (4,207)
Line 17.   Rental real estate * * *                    (12,500)
Line 22.   * * * total income.                          35,171

Line 36.   * * *itemized deductions * * *               10,314
Line 39.   Taxable income. * * *                        22,057
Line 40.   Tax                                            3,331
Line 58.   Federal income tax withheld * * *    7,940
Line 66.   * * * This is the amount you overpaid.        4,609
```

Petitioner attached to the revised Form 1040, inter alia, the following schedules and forms that are pertinent to the issues in this case:  Schedule A, Itemized Deductions; Schedule C, Profit or Loss from Business; Schedule E, Supplemental Income and Loss; and Form 4684, Casualties and Thefts.

On Schedule A, petitioner claimed total itemized deductions of $10,314, which amount included the following:  State and local income tax of $2,664; real estate tax of $133; personal property tax of $234; and a casualty or theft loss of $7,283 as calculated

---

[3]  We note, however, that petitioner did not claim any deductions on his Form 1040, U.S. Individual Income Tax Return.

on Form 4684. Petitioner attached no documentation to his revised Form 1040 to support any of the itemized deductions.

On Form 4684, petitioner described the property for which he claimed a casualty or theft loss as: "Personal, Cedar Springs, Ga, 04/22/47". The personal property referred to certain employment rights that petitioner allegedly forfeited in a collective bargaining agreement that his labor union entered into sometime before 1997. "Cedar Springs, Ga" is the location of GNNC, which is the paper mill where petitioner works. The date "04/22/47" is petitioner's birth date. The Form 4684 reflected in pertinent part as follows:

```
Line 2.  Cost or other basis of each property        $10,900
Line 5.  Fair market value before casualty or theft   43,600
Line 6.  Fair market value after casualty or theft    10,900
Line 7.  Subtract line 6 from line 5                   32,700
Line 10. Casualty or theft loss. * * *                 10,900
Line 11. Enter the amount from line 10 or $100,
   whichever is smaller                                    100
Line 17. Enter 10% of your adjusted gross income * * *   3,517
Line 18. * * * enter result on Schedule A * * *          7,283
```

On Schedule C, petitioner identified his business name as V.G.'s Gallery, his principal business or profession as art and flowers, and his business activity code as 453220, signifying a gift, novelty, and souvenir store. Schedule C reflected in relevant part as follows:

```
Gross receipts or sales      $1,891
Returns or allowances           899
Cost of goods sold              903
Gross income                     89
Total expenses                4,296
Net loss                     (4,207)
```

The expenses consisted of automobile expenses, legal and professional services, office expense, rent, repairs and maintenance, supplies, travel, and other expenses. Petitioner attached no documentation to his revised Form 1040 to support the amounts claimed for returns or allowances, cost of goods sold, and expenses.

On Schedule E, petitioner identified three rental real estate properties in Alabama: (1) 5515 Yellow Wood Ave., Birmingham; (2) 313 Cordova Drive, Dothan; and (3) 3312 Cathy Lou Road, Dothan. Schedule E reflected in relevant part as follows:

| Property | Rents Received | Expenses | Depreciation | Total Expenses | Losses |
|---|---|---|---|---|---|
| Yellow Wood | $2,380 | $1,836 | $4,488 | $6,324 | ($3,944) |
| Cordova | 3,960 | 4,222 | 3,599 | 7,821 | ( 3,861) |
| Cathy Lou | 2,772 | 8,014 | 2,712 | 10,726 | ( 7,954) |
| Total | 9,112 | 14,072 | 10,799 | | [1](12,500) |

[1] Petitioner claimed "deductible" rental real estate losses of $3,128, $3,063, and $6,309 for Yellow Wood, Cordova, and Cathy Lou, respectively. See sec. 469; see also Form 8582, Passive Activity Loss Limitations.

The expenses consisted of cleaning and maintenance, commissions, insurance, legal and professional fees, management fees, mortgage interest, supplies, and taxes. Petitioner attached no documentation to his revised Form 1040 to support the claimed amounts for expenses and depreciation.

After receipt of petitioner's revised Form 1040, respondent requested from petitioner any supporting documentation concerning petitioner's claimed deductions. Petitioner did not provide any supporting documentation to respondent.

At trial, petitioner offered no documentary evidence to support any of the deductions or allowances claimed by him on Schedules A, C, and E.  In addition, petitioner at trial declined to offer any testimonial evidence to support any of those deductions or allowances other than the casualty or theft loss claimed on Schedule A and Form 4684.

At the end of the trial, respondent made an oral motion to conform the pleadings to the evidence and to assert an increased deficiency.  Petitioner did not object.

Discussion

As a preliminary matter, we note that petitioner conceded the adjustments determined in the notice of deficiency.  The remaining issues in this case were raised at trial by way of the stipulation of facts and petitioner's own testimony.  As stated above, respondent at trial made an oral motion to conform the pleadings to the evidence and to assert an increased deficiency, and we must decide whether to grant such motion.  See Rule 41(b)(1); sec. 6214(a).

Generally, we deem issues raised and tried by the consent of the parties as having been raised in the pleadings.  Rule 41(b).  Whether a motion to conform the pleadings should be allowed, however, is within the sound discretion of the Court.  Commissioner v. Estate of Long, 304 F.2d 136, 144 (9th Cir. 1962), affg. unreported orders of this Court.  If there is unfair

surprise or prejudice to the opposing party, then the motion should be denied.  Estate of Horvath v. Commissioner, 59 T.C. 551, 555 (1973).

After a review of the entire record, we find that the factual issues giving rise to respondent's motion were raised during trial without petitioner's objection and with his consent. The evidence on which respondent bases his motion was admitted at trial by way of a stipulation of facts, including petitioner's revised Form 1040,[4] and petitioner's own testimony.  In addition, we do not find that granting respondent's motion would result in unfair surprise or prejudice to petitioner.  The evidence in the record further demonstrates that the deficiency may be greater than that determined in the notice of deficiency.  Accordingly, we shall grant respondent's motion to conform the pleadings to the evidence and to assert an increased deficiency.[5]

---

[4]  The revised Form 1040 was not processed by respondent as an amended return.  There is no statutory authority permitting the filing of an amended return, and the acceptance or rejection thereof is solely within the discretion of the Commissioner. Goldring v. Commissioner, 20 T.C. 79, 81 (1953).  We may, however, admit the revised Form 1040 in evidence as a statement of petitioner's present position.  See McCabe v. Commissioner, T.C. Memo. 1983-325.

[5]  Nevertheless, to the extent that respondent has sought an increased deficiency, he bears the burden of proof.  We note, however, that petitioner's revised Form 1040, which was received in evidence, sufficiently supports respondent's assertion for an increased deficiency.  See Collins v. Commissioner, T.C. Memo. 1956-156.

A.  Unreported Income

Gross income includes all income from whatever source derived, specifically including gross income derived from business, gains derived from dealings in property, and rents. Sec. 61(a)(2), (3), (5).

Petitioner admittedly concedes by way of the stipulation of facts and his own testimony that he received unreported income in excess of the adjustments in the notice of deficiency. Specifically, petitioner admitted that he received unreported gross receipts or sales of $1,891 and rental income in the aggregate amount of $9,112.

With respect to the amount of rental income, we note that petitioner conceded the adjustments in the notice of deficiency in the amounts of $2,380 and $642.  The first amount is consistent with the amount of rental income reported on petitioner's revised Form 1040 for the Yellow Wood property.  The latter amount of $642 appears to be included in the total rental income amount of the other 2 properties.  Therefore, we limit the amount of unreported rental income to $6,090 (i.e., $3,960 + $2,772 - $642).

Accordingly, we conclude that petitioner received unreported gross receipts or sales of $1,891 and unreported rental income of $6,090 in excess of that determined by respondent in the notice of deficiency.

B.  <u>Schedule C and Schedule E Deductions</u>

1.  <u>General Principles</u>

Deductions are strictly a matter of legislative grace, and a taxpayer bears the burden of proving his or her entitlement to the deductions claimed.  Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).[6]  This includes the burden of substantiation.  <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 6001 further requires taxpayers to maintain books and records sufficient to substantiate the amounts of the deductions claimed.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  If a taxpayer is unable to fully substantiate the expenses incurred, but there is evidence that deductible expenses were incurred, the Court may nevertheless allow a deduction based upon an approximation of expenses.  <u>Cohan v. Commissioner</u>, 39 F.2d 540, 544 (2d Cir. 1930); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).  The estimate, however, must have a reasonable evidentiary basis, <u>Vanicek v. Commissioner</u>, <u>supra</u>, and there must

---

[6]  The burden of proof does not shift to respondent under sec. 7491(a) because petitioner failed to establish that he complied with the requirements of sec. 7491(a)(2)(A) and (B) to substantiate items, maintain records, and fully cooperate with respondent's reasonable requests.  We note that petitioner stated at trial that he "did not come prepared to address those" deductions.  We find that statement remarkable considering that the amount of the deductions claimed was a substantial part of his revised Form 1040.

be sufficient evidence in the record to permit us to conclude that a deductible expense was paid or incurred in at least the amount allowed, Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

In the case of travel expenses and expenses relating to the use of listed property, including any passenger automobile or other property used as a means of transportation, sec. 280F(d)(4)(A)(i) and (ii), section 274(d) imposes stringent substantiation requirements to document the nature and amount of such expenses.  Sec. 274(d); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  To meet these substantiation requirements, the taxpayer must maintain adequate records or sufficient corroborating evidence to establish each element of an expenditure.  Sec. 274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985); sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

### 2.  Schedule C Deductions

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.

Petitioner purportedly operates an art and flowers business. Petitioner claims subtractions from gross receipts (e.g., returns or allowances and cost of goods sold) as well as various expense deductions associated with this business.

Petitioner, however, offered no evidence whatsoever to substantiate deductions for the claimed amounts. Petitioner failed to produce any records or documents that any of the expenses were allegedly paid or incurred with respect to this business. Moreover, petitioner failed to present any testimony, however slight, to explain the expenses listed on Schedule C to give us any basis upon which we could estimate such deductions. On the basis of his revised Form 1040, petitioner would have this Court infer facts not in the record to prove that he incurred legitimate business expenses. The burden, however, is on petitioner to substantiate his claimed deductions. We hold, therefore, that petitioner failed to meet his burden of proof. Consequently, petitioner is not entitled to subtract returns or allowances and cost of goods sold from gross receipts, nor is he entitled to any of his claimed expense deductions. See sec. 274(d); Williams v. United States, supra; Vanicek v. Commissioner, supra; sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

### 3.  Schedule E Deductions

Section 212(2) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year for the management, conservation, or maintenance of property, including real property, held for the production of income.  Sec. 1.212-1(h), Income Tax Regs.

The evidence indicates that petitioner maintains several rental properties.  Petitioner thus claims depreciation as well as various expense deductions associated with his rental properties.

Petitioner, however, offered no evidence whatsoever to substantiate deductions for the claimed amounts.  Petitioner failed to produce any records or documents that any of the expenses were allegedly paid or incurred with respect to his rental properties.  Moreover, petitioner failed to present any testimony, however slight, to explain the expenses listed on Schedule E to give us any basis upon which we could estimate such deductions.  On the basis of his revised Form 1040, petitioner would have this Court infer facts not in the record to prove that he incurred legitimate rental expenses.  The burden, however, is on petitioner to substantiate his claimed deductions.  We hold, therefore, that petitioner failed to meet his burden of proof.  Consequently, petitioner is not entitled to deduct depreciation, nor is he entitled to any of his claimed expense deductions.  See

Williams v. United States, supra; Vanicek v. Commissioner, 85 T.C. 731 (1985).

C.  Personal Deductions

1.  Deductions for State and Local Taxes

As relevant herein, section 164(a) provides for the deduction of (1) State and local real property taxes; (2) State and local personal property taxes; and (3) State and local income taxes paid or accrued within the taxable year.

Petitioner failed to produce any evidence to show that he paid the taxes claimed on his revised Form 1040, nor did he offer any testimony concerning those deductions.  Therefore, petitioner has not met his burden of proof.  Accordingly, petitioner is not entitled to claim deductions on Schedule A for taxes paid.

2.  Casualty Loss Deduction

As relevant to the present case, section 165(a) and (c)(3), subject to limitations, allows an individual to claim a deduction for a loss of property not connected with a trade or business that arises "from fire, storm, shipwreck, or other casualty, or from theft".  Personal casualty losses are deductible in the year the loss is sustained.  Sec. 165(a), (h)(3)(B); sec. 1.165-7(a)(1), Income Tax Regs.  A loss is "treated as sustained during the taxable year in which the loss occurs as evidenced by closed and completed transactions and as fixed by identifiable events

occurring in such taxable year." Sec. 1.165-1(d)(1), Income Tax Regs; see also sec. 1.165-1(b), Income Tax Regs.

The term "other casualty" is defined as a loss proximately caused by a sudden, unexpected, or unusual event, excluding the progressive deterioration of property through a steadily operating cause or by normal depreciation. Maher v. Commissioner, 680 F.2d 91, 92 (11th Cir. 1982), affg. 76 T.C. 593 (1981); Coleman v. Commissioner, 76 T.C. 580, 589 (1981). There must be a causal connection between the alleged casualty and the loss claimed by the taxpayer. Kemper v. Commissioner, 30 T.C. 546, 549-550 (1958), affd. 269 F.2d 184 (8th Cir. 1959).

Petitioner contends that the alleged $7,283 personal casualty loss arose during the years 1997 and 1998 while he was a member of a labor union in which he forfeited certain rights through provisions in a collective bargaining agreement between the labor union and his employer, GNNC. In support of his contention, petitioner relies on our previous opinion in Wilkerson v. Commissioner, T.C. Summary Opinion 2001-63.[7] In that case, we held that money paid to petitioner for the years 1997 and 1998, by virtue of an agreement between GNCC and the

---

[7] Pursuant to sec. 7463(b), a summary opinion cannot be relied on as precedent for other cases. Although this statutory prohibition does not necessarily preclude application of the doctrines of res judicata and collateral estoppel, neither doctrine applies in this case because the issue presented in the instant proceeding is not identical to the issue decided in the prior proceeding.

labor union of which petitioner was a member, constituted compensation for services under section 61(a)(1). Petitioner's theory, however, is that this Court concluded that he forfeited certain rights that constitute property of value for which he is entitled to a loss deduction. Petitioner's contention is misplaced.

Petitioner's alleged forfeiture of rights is not the type of loss contemplated by section 165(c)(3). In fact, petitioner's own testimony revealed that he characterizes the forfeiture of rights as a job-related expense. Moreover, petitioner presented no evidence that his alleged personal loss resulted from either a theft or a sequence of events normally associated with a casualty; that is, sudden, unexpected, or unusual events causing a considerable destructive force to property where the resulting direct and proximate damage causes a loss similar to that arising from a fire, storm, or shipwreck. White v. Commissioner, 48 T.C. 430, 434-435 (1967); see Landy v. Commissioner, T.C. Memo. 1979-354 (taxpayer not entitled to personal casualty loss deduction for the loss of driving privileges).

Even assuming arguendo that petitioner's forfeiture of rights under the collective bargaining agreement constitutes a personal casualty loss or theft, petitioner would not be entitled to a deduction for such loss or theft because the alleged loss

was sustained during the taxable years 1997 and 1998 rather than the taxable year 2000, which is the year in issue.

Accordingly, we hold that petitioner is not entitled to a casualty or theft loss deduction of $7,283.

D.  Section 6662(a) Substantial Understatement of Tax

The last issue for decision is whether petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) for the year in issue.  Section 7491(c) places on the Commissioner the burden of production with respect to a taxpayer's liability for any penalty.[8]  The taxpayer, however, still has the burden of proving that the Commissioner's determination of the accuracy-related penalty is erroneous.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. at 84; Welch v. Helvering, 290 U.S. 111, 115 (1933); Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001).

Section 6662(a) imposes a penalty equal to 20 percent of any underpayment of tax that is due to a substantial understatement of income tax.  See sec. 6662(a) and (b)(2).  An individual substantially understates his or her income tax when the reported tax is understated by the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec.

---

[8]  We hold that respondent satisfied the burden of production under sec. 7491(a)(1) because the record shows that petitioner failed to include certain items in income and claimed deductions to which he was not entitled.  Higbee v. Commissioner, 116 T.C. 438, 442 (2001).

6662(d)(1)(A).[9]  Tax is not understated to the extent that the treatment of the item related thereto is based on substantial authority or is adequately disclosed in the return or in a statement attached to the return, and there is a reasonable basis for the tax treatment of such item by the taxpayer.  Sec. 6662(d)(2)(B).

Moreover, the accuracy-related penalty does not apply with respect to any portion of an underpayment if it is shown that there was reasonable cause for the underpayment and the taxpayer acted in good faith with respect to the underpayment.  Sec. 6664(c)(1).  The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability for such year.  Id.

Based on petitioner's own admitted concessions of unreported income, a prima facie case exists for imposition of the penalty. Petitioner appears to contend that he did in fact report his income tax on the revised Form 1040 after he did not receive a response from respondent concerning the tax characterization of

---

[9]  For purposes of "the amount shown as the tax by the taxpayer on his return", the revised Form 1040 is not a "qualified amended return" in determining whether petitioner understated his income tax.  Sec. 1.6664-2(a), (c), Income Tax Regs.

his alleged forfeiture of rights.  As noted above, the revised Form 1040 was not processed as an amended return, and, therefore, petitioner's reporting of income tax on his revised Form 1040 does not constitute a reasonable basis for not reporting income tax on his Form 1040.  Based on the entirety of the record, we conclude that the other requirements for relief from the substantial understatement penalty have not been met.  Accordingly, we hold that petitioner is liable for the accuracy-related penalty under section 6662(a).[10]

E.  Conclusion

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

> Respondent's motion to conform the pleadings to the evidence will be granted, and decision will be entered under Rule 155.

---

[10]  Based on our disposition of the other disputed issues, we note that the sec. 6662(a) penalty may be greater than that originally determined in the notice of deficiency.